**Equitable Distributions for Celsius Corporate Creditors**

March 18, 2024

**From:** Group of 75+ Corporate Creditors *(listed at the end of this letter)*

**To:** The Honorable Martin Glenn
Chief Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton U.S. Custom House
One Bowling Green, New York, NY 10004

Dear Judge Glenn,

We hope this letter finds you well. We represent a large number of corporate creditors in the Celsius bankruptcy proceedings and we are writing to raise **significant concerns** regarding the distribution process and treatment of corporate accounts.

We have been informed that our distributions will be in US Dollars (USD), while the top 100 corporate accounts will receive their preference of cryptocurrency distributed through Coinbase. This discrepancy in treatment based on account classification has created an unfair disparity among creditors, where some have the option to benefit from cryptocurrency price appreciation while others were told we will receive US Dollar checks and wires. Since January 16th (the date the Debtors used to calculate cryptocurrency prices), Bitcoin (BTC) and Ethereum (ETH) have appreciated significantly in value, with BTC currently up ~60% and ETH up ~40%. This means those who are getting cryptocurrency distributions, such as the top 100 corporate accounts and individual creditors, will receive substantial additional value from the bankruptcy proceedings, while other corporations are stuck with fiat distributions at January 2024 prices. Only providing 100 spots is discriminatory to all other corporate accounts. It appears that the decision to only pay the top 100 corporations was made to suit the distribution partner, Coinbase, rather than to equitably distribute the bankruptcy funds. A lottery for cryptocurrency distribution would be more equitable than picking the top 100 corporate accounts. The Debtors indicated that Coinbase said bringing on more than 100 corporate accounts was an administrative burden, but an increased administrative burden does not justify unequal treatment of creditors.

In addition to this obvious discrepancy in treatment within corporate accounts, Kirkland & Ellis stated that the cryptocurrency that was originally allocated to those who were not fortunate enough to be in the top 100 corporate accounts, was converted to cash on January 16th. Even if this was the case, the distribution process has been significantly delayed, leaving most of us now over two months without access to these funds. During this time, the value of BTC and ETH have gone up significantly, resulting in tremendous additional losses for the corporate creditors outside the top 100. This is especially concerning given Kirkland & Ellis' assurance in their recent docket filing that accounts unable to receive cryptocurrency distributions, will "receive liquid cryptocurrency at the prevailing market price as close to the expected date of the cash distribution as possible" and "the creditor would receive the proceeds of that sale". Why are

corporate creditors being treated differently to these creditors with distributions based on January 16th cryptocurrency prices, which are over two months old and significantly lower? Also worth noting, Kirkland & Ellis said in their recent docket filing they had to change banking partners. If they didn't have a viable banking partner to make distributions, then cryptocurrency assets should not have been sold. It's completely unacceptable that bonuses have likely been paid for meeting distribution deadlines, when in fact they have not been met.

Corporate accounts were established with the same intentions as individual accounts, reflecting our belief in fair treatment and equal opportunity, and our desire to own cryptocurrency. Just like individual account holders, we trusted our assets to Celsius. The majority of the corporate accounts we represent are sole operator LLCs which hold retirement funds, family trusts, wills, and non-traditional corporate accounts aimed at safeguarding our financial futures. It's important to note that these types of corporate accounts do not have trade credit insurance, meaning losses cannot be claimed via insurance. Corporate accounts have never had an advantage over individual accounts. Hence, we assert that all creditors, regardless of account type, have the right to be treated the same. The current disparity in distribution methods undermines the principles of fairness and equality.

<u>We urge the court to assess and correct this inequitable situation promptly by making distributions to all corporate account holders in cryptocurrency. Where distributions cannot be in cryptocurrency, corporate account holders should receive USD at the **current** cryptocurrency market prices, to match the treatment of individual creditors.</u> For the few corporate accounts that have already received USD distributions, we ask that they be made whole based on market rates when USD was distributed. We understand that the purpose of Kirkland & Ellis retaining funds of $165MM is for exactly issues such as this: <u>to ensure equal and fair treatment for all creditors</u>. The Debtors failed to use reasonable judgment to remedy this issue, especially when they were given $70MM for the wind down process to ensure uneventful distribution to the creditors. One corporate creditor received an email from a Kirkland & Ellis lawyer on March 6th, 2024 that stated, "... if the Court orders the Debtors to return crypto to you, we will of course comply with that court order."

On behalf of all of us and all the other corporate creditors not chosen as the top 100 accounts to receive cryptocurrency distributions, we kindly ask that you order that corporate creditors receive cryptocurrency distributions to be consistent, fair, and equitable. As a last resort, if distributions must be made in fiat, we kindly ask that you order these distributions should be made at cryptocurrency market prices when USD was distributed (versus January 16th prices), which is what is promised to other creditors receiving USD. Judge Glenn, we trust you will rule in favor of equitable distribution.

Thank you for your attention to this matter.

Sincerely,
Corporate Creditors

<u>Please note</u>: All of the below Corporate Creditors requested to be included in this letter.

Viraj Anand
Pooja Patel
VP Investments & Assets LLC

Wesley Chang
Jinwes LLC

Tom Anusic
HR National Pty Ltd

Bnk To The Future (*Chosen in the top 100, but supports the initiative anyway*)
Authorised signatory - Simon Dixon (top 10 individual creditor)

BF Portfilio Builder SPC (*Chosen in the top 100, but supports the initiative anyway*)
Authorised signatory - Simon Dixon (top 10 individual creditor)

Jeffrey Hoffard
J&J Hoffard Pty Ltd

Rishi Yadav
InfoObjects, Inc.

Frances Jones
Jones Asset Protection Trust

Brian Green
Diligent Hands Invest LLC
Green Capital of Florida LLC

Jake Faller
BFaller RD LLC
BFaller ROTH RD LLC

Sheri Faller
SFaller TRD RD LLC
SFaller RD LLC

Laura McNeil
LMcNeil RD LLC

Ken McNeil
KMcNeil RD LLC
KMcNeil II RD LLC

Paule Bennett Family SMSF Pty Ltd

DEKA ANDRES EPENDYOUN INTERNATIONAL INCORPORATED

Timothy Vann
Digitaurus Pty Ltd ATF Vann Family Superannuation Fund

Enda Murphy
E & KL Murphy Superfund
Racecentre Pty Ltd.

John Hitti
Trustee for Simba Discretionary Trust

Christopher Lackey
MIH LLC

Eddie Cetin
Steinberger Pty Ltd ATF Cetin Investments

Jacob Liming
JL Investments LLC

Ignazio Gaetano Lo Castro
XPRUHODL SMSF Pty Ltd

Samuel Argier
SARGIER DDO LLC

Albert Garcia Esteban
Garcia suarez superannuation fund pty Ltd ATF Garcia superannuation fund

Teresa Gonzalez
IBERTRADE REPRESENTACIONES SL

Harrison Flavell
Flavell Pty Ltd the Trustee for H Flavell Super Fund

Sendall Family Retirement Super Fund

Peter Krigovsky
Pi Kay Super Fund

Brian McGarry
Alpine Rockery LLC

Matthew Ence
Crimson Permanent Assurance LLC

Brett Wilks
Wilks SMSF PTY LTD

Timothy Jukic
Jukes Property Solutions Limited

Oliver Masens
Masens Super Fund Pty Ltd

Leonard Farmer

Robbie Baylor
BAYLOR FAMILY SUPER FUND PTY LTD

Luke Orr
Luke Orr Family Super Fund Pty Ltd

Ryan Edmonds
R Edmonds Family SMSF

Kirk Woolston

Robert Stranjak

Damian Citroni
D P Citroni Super Fund

Nathaniel Byford
Hundredfold Investments LLC

Alan Mauldin
All For Him Investments LLC
TXD Investments LLC

Francisco H Limeta III
Hermoso Capital Fund
Project Influencers Capital

Maria Hermoso
Hermoso Capital Investments

JDW Investment Trust

Mia Forrest
GOOD FORREST SUPER FUND PTY LTD


William Heaps
Sage Educators Foundation

Craig Knight
Knight Family Super Fund

Justin Dungey
Dungey Family Super Fund

Siddhartha Super Pty Ltd atf Colagiuri Superfund

Miguel Laliberte
9334-4067 Quebec Inc
9396-0565 Quebec Inc

Joseph Krisberg
JOEY LK LLC

Riece Keck
Clypeum, Inc

Jim Gragtmans
2024747 Ontario Ltd

Alberto Daniel Nacach
Elementary Wisdom LDA

Brian McGarry

Dyah Neho
ILLUME CAPITAL PTY LTD

Ezra Vazquez-D'Amico
Falcon RI LLC

Caroline Abruzese,
Future Possibilities, LLC

Emmerson Pty Ltd ATF
Emmerson Family Superannuation Fund

Darin Wayne Gillis, CEO of SMLLC
Daring Crypto Ventures, LLC

Alan Harvey
Lakeside Oral & Facial Surgery Institute LLC

Craig Devitt
DEVITT & DEVITT PTY LTD ATF THE DEVITT FAMILY TRUST

Danny Lachevre
Lachevre Holdings Pty Ltd

ART_ROD LLC

Charles R. Ferrante
Golden Blue Sky Financial LLC (ROTH SDIRA)

Mark Vozzo
MVOZZO SUPER PTY LTD as trustees for MVOZZO SUPERFUND

Robert Richards, Trustee
GearedGamble

Andrew Richards, Trustee
GearedGamble