**WHITE & CASE**

May 1, 2024

VIA EMAIL AND ECF

The Honorable Martin Glenn
Chief Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1415
mg.chambers@nysb.uscourts.gov

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
**T** +1 212 819 8200

**whitecase.com**

**Re: *In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG)**

Dear Chief Judge Glenn:

I represent the Official Committee of Unsecured Creditors in the above-captioned cases.  I write
jointly on behalf of the Committee, the Office of the United States Trustee, and Mr. Keith Noyes
to respectfully request a conference with the Court regarding the *Request of Mr. Keith Noyes for
a Judicial Determination Whether or Not Keith Noyes Acted in an Ultra Vires Manner While
Serving on the Celsius Unsecured Creditors Committee* (the "Noyes Application") [ECF Dkt.
No. 4464].  The Noyes Application is currently noticed for hearing on May 7, 2024 at 2 P.M.
[ECF Dkt. No. 4806].

As the Court may recall, Mr. Noyes has applied for a position on the Celsius Litigation Oversight
Committee (the "LOC").[1]  Under the terms of the Confirmation Order, Mr. Noyes is ineligible to
serve on the LOC unless there is a judicial finding that Mr. Noyes did not act in an *ultra vires*
manner.  Initially, the LOC advised that it would await the outcome of the Noyes Application
before selecting its seventh member, and the parties proceeded to confer on discovery in
accordance with the Court's order [ECF Dkt. 4701], exchanged discovery requests,[2] and met and
conferred.  The parties originally agreed to exchange discovery responses by April 10, 2024.  On
April 8, however, the LOC advised the parties (including Mr. Noyes) that rather than waiting, the
LOC would instead proceed with interviews of Mr. Noyes and certain other candidates, and
consider Mr. Noyes alongside the other candidates without regard to the *ultra vires* issue raised
in the Noyes Application.  The LOC stated that it did so with the understanding that if Mr. Noyes
is selected, the LOC would afford additional time for the Court to address the Noyes
Application.  The Committee understood this change of procedure to be an effort to preserve
judicial/estate/party resources, at least in part.[3]  Accordingly, on April 9, the Committee
proposed a pause in discovery while the LOC completed its process, and the US Trustee agreed,

---

[1] The LOC is also represented by White & Case LLP.

[2] Discovery requests were promptly served by the United States Trustee on the Committee and Mr. Keith Noyes, respectively. The
Committee and Mr. Keith Noyes have each separately served discovery requests on the United States Trustee.

[3] It is the Parties' understanding that there will likely be multiple privilege issues asserted by all the Parties requiring judicial
determination prior to concluding discovery.

**WHITE & CASE**

while Mr. Noyes disagreed and produced documents in advance of April 10.  The parties then exchanged several emails on the subject.

Yesterday afternoon, the LOC advised that it completed the process set out above and selected a different candidate as its final member.  Mr. Noyes therefore has not been chosen to serve on the LOC.

Given this development, the parties seek the Court's guidance on the disputed question of whether the Noyes Application (together with its associated discovery) is rendered moot, or will nevertheless proceed to an evidentiary hearing on the *ultra vires* question independent of the LOC and the Confirmation Order.  Mr. Noyes has expressed his desire to proceed with discovery and judicial adjudication of the issues raised in the Noyes Application.

The parties therefore request a status conference to discuss this issue and how to proceed.  We appreciate the Court's consideration of our request.

Respectfully submitted,

_/s/_ _____

**Kimberly A. Havlin**


cc:   Mr. Keith Noyes, *pro se*
      Ms. Shara C. Cornell, Office of the United States Trustee

AMERICAS 126839600