Laura McNeil, representing Sheri and Bernard Jacob Faller
*BFaller RD LLC*
*BFaller ROTH RD LLC*
*SFaller TRD RD LLC*
*SFaller RD LLC*
laurafaller@gmail.com

Wesley Chang
*Jinwes LLC*
JinwesLLC@gmail.com

*Pro Se* Corporate Creditors (single-member LLC retirement accounts)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**  **CELSIUS NETWORKS LLC,** *et al.,*           Debtors. | Chapter 11  **Case No. 22-10964 (MG)**  **NOTICE OF MOTION** |

TO:    Mitchell Hurley
       mhurley@akingump.com

       Annemarie V. Reilly
       Annemarie.reilly@lw.com

       Joshua Sussberg
       jsussberg@kirkland.com

       Mark Bruh
       Mark.bruh@usdoj.gov

       Shara Claire Cornell
       Shara.cornell@usdoj.gov

       PLEASE TAKE NOTICE that on **May 7, 2024 at 2:00 p.m.,** we will appear before the Honorable Martin Glenn, or any Judge sitting in his place, via Zoom and present our Motion For Hearing.

Respectfully submitted,

| /s/ Laura McNeil | /s/ Wesley Chang |
|---|---|
| Laura McNeil | Wesley Chang |

*Pro Se* Corporate Creditors (single-member LLC retirement accounts)

# **CERTIFICATE OF SERVICE**

We hereby certify that on May 6, 2024, we electronically filed the foregoing with the United States Bankruptcy Court for the Southern District of New York by using the CM/ECF system.  We certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ Laura McNeil                                                       /s/ Wesley Chang
Laura McNeil, representing Sheri and Bernard Jacob Faller

*BFaller RD LLC*
*BFaller ROTH RD LLC*
*SFaller TRD RD LLC*
*SFaller RD LLC*
laurafaller@gmail.com

Wesley Chang
*Jinwes LLC*
JinwesLLC@gmail.com

*Pro Se* Corporate Creditors (single-member LLC retirement accounts)

Laura McNeil, representing Sheri and Bernard Jacob Faller
*BFaller RD LLC*
*BFaller ROTH RD LLC*
*SFaller TRD RD LLC*
*SFaller RD LLC*
laurafaller@gmail.com

Wesley Chang
*Jinwes LLC*
JinwesLLC@gmail.com

*Pro Se* Corporate Creditors (single-member LLC retirement accounts)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**<br><br>**CELSIUS NETWORKS LLC, *et al.*,**<br><br>Debtors. | Chapter 11<br><br>**Case No. 22-10964 (MG)**<br><br>**MOTION for discovery to support claims made by Post-Effective Date Debtors in regards to equitable treatment of Corporate Creditors** |

Corporate Creditors LAURA MCNEIL (representing her parents, SHERI FALLER and BERNARD JACOB FALLER) and WESLEY CHANG move this Court for entry of an order requiring the Post-Effective Debtors to provide discovery to support statements made in response to issues raised by Corporate Creditors for inequitable distribution under the Plan of Reorganization.

Corporate Creditors outside the top 100, instead of being paid cryptocurrency, are getting paid in US Dollars. However, these distributions have been significantly delayed, with many Corporate Creditors receiving US Dollars months after the Post-Effective Debtors claim they were sold and after they were supposed to be made under the Plan of Reorganization. Many other Corporate Creditors are still waiting for their distribution. This has significantly reduced the distribution to Corporate Creditors when compared to other similar creditors who received cryptocurrency, as the price of cryptocurrency has increased significantly over this period.

In the case of Sheri and Bernard Jacob Faller, who had four retirement accounts all structured as single-member LLCs which contained their entire life savings, they received their most recent distributions on April 22nd, over three months from when the Post-Effective Debtors claim cryptocurrency was sold (and almost two years from when their funds were initially frozen). Due to this significant and unreasonable delay in receiving US Dollar distributions as a result of failures by the Post-Effective Date Debtors, they suffered a loss of 42.5% compared to what they would have if they received US Dollars at the "prevailing market price" of cryptocurrency at that time. This is a huge loss for retirees who worked their entire life to amass these savings, and who should be treated equally to other creditors.

If Corporate Creditors received US Dollar distributions at the "prevailing market price" of cryptocurrency at the time of distribution, they would have had the opportunity to reinvest their funds in cryptocurrency at the time of distribution. The Post-Effective Debtors did not uphold their

fiduciary responsibility as the Plan Administrator (as noted in Docket # 4289, filed on Jan 29th, 2024), and due to significant losses incurred by these delays, we seek the following information in relation to these issues and in support of pending Motion for equitable distribution:

1. **Discovery of when Post-Effective Date Debtors learned the original banking partner's financial condition was uncertain, in addition to documentation with dates showing Post-Effective Date Debtors actions.**
   a. In Docket # 4289, filed on Jan 29th, 2024, it's stated the Post-Effective Date Debtors "shall convert the Liquid Cryptocurrency that would otherwise be distributed to the Account Holder to fiat currency as close to the anticipated date of distribution as reasonably practical." Also, in Docket # 4623, filed on March 13th, 2024, the Post-Effective Date Debtors state that if accounts are unable to receive cryptocurrency distributions, the "Debtors could sell the liquid cryptocurrency" and the creditor will "receive liquid cryptocurrency at the prevailing market price as close to the expected date of the cash distribution as possible".
   b. As stated in Docket # 4786 filed on April 4th, 2024, the Post-Effective Date Debtors "sold Liquid Cryptocurrency in January with no expectation that their banking partner's financial condition would become precarious. Once they learned that this was the case, the Post-Effective Date Debtors pivoted quickly to a new banking partner."
   c. Docket # 4289 reads, "Pursuant to the Plan and the Plan Administrator Agreement, the Plan Administrator shall act in a fiduciary capacity on behalf of the interests of all Holders of Claims and Interests that will receive distributions pursuant to Plan."
   d. Corporate Creditors did not receive their distributions in a reasonable or timely manner, with many Corporate Creditors receiving their distribution over three months after the cryptocurrency was claimed to have been sold, and many still waiting on their distribution. We request discovery to support how the Post-Effective Date Debtors upheld their fiduciary responsibility and how they "pivoted quickly" given this HUGE delay.

2. **List of sold cryptocurrency transactions for the 1,700 Corporate Creditors chosen to receive US Dollar distributions.**
   a. Emails were sent to the top 250 Corporate Creditors on January 19th and 20th, seeking a response to their preference of receiving cryptocurrency or US Dollars by January 23rd. The Post-Effective Date Debtors' claims to have "sold the crypto that would have otherwise gone to them on or around January 16th". This raises the question of how the Post-Effective Date Debtors would have known how much crypto to convert to US Dollars prior to Corporate Creditors' responses.
   b. Even if just the top 100 Corporate Creditors were to receive distributions in cryptocurrency, at least three Corporate Creditors in the top 100 were told they were not: Thomas Anusic (#38; complaint filed March 14th, 2024 under Docket # 4702), Rishi Yadav (#20), and Jeff Hoffard (#33 and #178, with his smaller account, #178, offered cryptocurrency distribution while the larger account was not, per Docket # 4727 filed on March 19th, 2024).

3. **Discovery of efforts to seek out Distribution Partners (other than Coinbase) capable of distributing cryptocurrency to more Corporate Creditors.**
   a. In Kirkland & Ellis' reply letter, Docket # 4786, they state "While some creditors, both individual and corporate, have asserted that the Post-Effective Date Debtors could have entered into agreements with additional cryptocurrency distribution partners, the Post-Effective Date Debtors did explore potential agreements with other potential distribution partners but ultimately determined that they did not meet the regulatory, security, or financial standards required."
   b. We are asking to see evidence of this correspondence with "additional cryptocurrency distribution partners", and an explanation of why these other distribution partners did not meet "regulatory, security, or financial standards required".
   c. In Docket # 4452 filed on March 6th, 2024, Corporate Creditor Thomas Anusic filed a Request for Court Order in regards to transparency regarding this matter.

4. **Discovery of correspondence between the Post-Effective Date Debtors and Coinbase related to the distribution agreement for Corporate Accounts.**
   a. Many Corporate Creditors who have matching Corporate Accounts with Coinbase were denied cryptocurrency distribution. The Post-Effective Date Debtors stated in Docket # 4786, "Only Coinbase was willing to make any cryptocurrency distributions to corporate creditors, and after extensive negotiations, Coinbase agreed to provide distributions to only 100 corporate creditors."
   b. Docket # 4786 goes on to say they couldn't accommodate more than 100 Corporate Creditors "because the onboarding, KYC, and AML compliance processes for corporate creditors are more complicated and take significantly longer to complete than those for individual creditors". However, many Corporate Creditors are single-member LLCs with retirement accounts, family trusts, and other types of non-traditional corporate accounts, and many Corporate Creditors were able to easily and quickly create Corporate Accounts with Coinbase on their own. Even if there is an increased administrative burden, it does not justify unequal treatment of creditors. We request the Post-Effective Date Debtors to supply discovery to show these "extensive negotiations".

Filing of this Motion for discovery follows Docket # 4860 (filed on Mar 3rd, 2024), where Retail Borrowers are pursuing discovery of Debtor's unexplained delays that created a gap in distribution. The delays experienced for both Retail Borrowers and Corporate Creditors have caused inequality and prevented fair distribution amongst other creditors within the same class. We feel this Motion is imperative for full transparency since the Post-Effective Date Debtors had a fiduciary responsibility to creditors. Ultimately, we are entitled to be treated equally with other creditors and we have not been treated equally.

Respectfully submitted,

/s/ *Laura McNeil*                                                /s/ *Wesley Chang*

Laura McNeil, representing Sheri and Bernard Jacob Faller
*BFaller RD LLC*
*BFaller ROTH RD LLC*
*SFaller TRD RD LLC*
*SFaller RD LLC*
laurafaller@gmail.com

Wesley Chang
*Jinwes LLC*
JinwesLLC@gmail.com

*Pro Se* Corporate Creditors (single-member LLC retirement accounts)