UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,<br><br>Post-Effective Date Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG) |

**ORDER DISMISSING REQUEST FOR JUDICIAL DETERMINATION AS MOOT**

Pending before the Court is Keith Noyes' *Request for Judicial Determination Whether or not Keith Noyes Acted in an Ultra Vires Manner While Serving on the Celsius Unsecured Creditors Committee* (the "Request," ECF Doc. # 4464). The United States Trustee (the "UST") filed an untimely objection on May 1, 2024 (the "Objection," ECF Doc. # 4850), arguing that the Request is moot. Mr. Noyes filed a reply on May 6, 2024 (the "Reply," ECF Doc. # 4870). The Court held a hearing on the Request on May 7, 2024, at which the counsel to the Official Committee of Unsecured Creditors (the "Committee") appeared and argued that at no time did Mr. Noyes act in an *ultra vires* manner. For the reasons explained below, the Court **SUSTAINS** the Objection and **DISMISSES** the Request as moot.

In July 2022, the UST appointed Covario A.G. ("Covario") to the Committee, with Mr. Noyes serving as the Covario representative. (Request ¶ 1; UST Objection ¶ 1.) In December 2022, Covario filed for bankruptcy in Switzerland. (Request ¶ 9.) Mr. Noyes continued his participation on the Committee. (Request ¶¶ 11, 17.) Parties disagree about the timing and extent to which the UST was apprised of relevant facts,[1] but in September 2023, the matter was raised to the Court, and a conference was held on September 29, 2023 (the "Sept. 29 Hearing").

---

[1] *Compare* Request ¶ 16 (representing that Committee counsel had a call with the UST regarding this matter on January 5, and "[e]ach time Mr. Noyes raised the issue subsequently, he was informed that the US[T] still had not made a decision") *with* Objection ¶ 10 ("on September 18, 2023, the United States Trustee became aware for the

Following the Sept. 29 Hearing, negotiations between parties resulted in agreements that (1) Mr. Noyes would be ineligible to serve on the Litigation Oversight Committee pending a finding that had not acted in an *ultra vires* manner, and (2) the definition of "Excluded Committee Member," which carved out for from exculpations any person who acted in an *ultra vires* manner on behalf of any Committee member, would be deemed added to the plan. (Objection ¶ 14.) The Confirmation Order (ECF Doc. # 3972) reflects the result of these negotiations. (*See* Confirmation Order ¶ 319.)

Mr. Noyes has not been selected for the Litigation Oversight Committee. (*See* ECF Doc. # 4847.) The Court understands that Mr. Noyes wishes to proceed in order to "clear his name" from the "reputational harm" that he has allegedly suffered.[2] (*See* Request at 1; Reply at 1.) However, "any such harm is merely the secondary effect of an injury that is otherwise moot." *Danos v. Jones*, 652 F.3d 577, 584 (5th Cir. 2011). *See also Beechwood Restorative Care Ctr. v. Thompson*, 494 F. Supp. 2d 181, 190 (W.D.N.Y. 2007) ("As for the alleged 'name clearing' effect of a favorable ruling, 'reputational harm' does not rise to the level of the kinds of concrete disadvantages or disabilities that the Supreme Court has found constitute sufficiently adverse collateral consequences to render a case justiciable.").

There is no pending motion or adversary proceeding seeking a determination that Mr. Noyes acted in an *ultra vires* manner. Therefore, there is no controversy on which the Court may rule, and any judicial finding regarding whether he acted in an *ultra vires* manner would be an advisory opinion.

---

first time that the Committee, its members, and its Counsel, had not had contact with one of the appointed Committee members since November of 2022.").

[2] The Court notes that *ultra vires* acts are not a *malum in se*, but are merely "beyond the power or capacity of the entity in question." *Hollar v. Gov't of the Virgin Islands*, 857 F.2d 163 (3d Cir. 1988). Such actions are not necessarily illegal, malicious, or immoral, and in fact are often *contrasted* with concepts such as willful misconduct. *See, e.g., Pan Am Corp. v. Delta Air Lines, Inc.*, 175 B.R. 438, 514 n.66 (S.D.N.Y. 1994) (contrasting the showing required to make a finding of either "willful misconduct" *or* "[u]ltra vires actions").

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

That the Objection is **SUSTAINED** and the Request is **DISMISSED** as moot.

**IT IS SO ORDERED.**

Dated:  May 7, 2024
        New York, New York

                                        **/s/ Martin Glenn**
                                        MARTIN GLENN
                        Chief United States Bankruptcy Judge