THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN Re:<br><br>CELSIUS NETWORK LLC, et al.,<br><br>    Debtors.<br><br>JASON VOELKER et al.,<br><br>    Real Parties in Interest. | Case 22-10964 (MG)<br><br>DECLARATION OF JASON VOELKER |

I, Jason Voelker, hereby declare the following:

1. I am a shareholder of iCapital Management ("iCapital"), a creditor in the ongoing Chapter 11 bankruptcy proceedings of Celsius Network LLC ("Celsius" or "Debtor").

2. iCapital entrusted substantial cryptocurrency assets ("Assets") to Celsius, including a discrete set of assets held in a segregated escrow account under the exclusive jurisdiction of Wyoming law (the "Wyoming Assets"). These assets comprised of 17.61163 in Bitcoin (BTC), 0.08 Ethereum (ETH), 7,230.88 USD Coin (USDC), and 152.18 Zcash (ZEC)-are collectively valued in the amount of $1,101,780.50 as of April 17, 2024 (collectively, the "Pledged Digital Assets"). (Order at pp. 10-11; Motion at 4; Proposed Adversary Complaint ¶¶ 4, 5.)

3. Celsius filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Its proposed Chapter 11 plan ("Plan") purported to address creditor claims, including those pertaining to the Wyoming Assets.

**Conflicting Legal Frameworks and Egregious Misrepresentations:**

4. A critical legal conflict lies at the heart of this matter: the irreconcilable frameworks governing the Wyoming Assets. iCapital maintains, consistent with the express terms of the escrow agreement and the laws of the State of Wyoming, that a bailment relationship exists, wherein iCapital retains absolute and unfettered ownership of the Assets.

5. Celsius, however, has persistently and erroneously treated the Wyoming Assets as property of the bankruptcy estate subject to the Plan, in direct violation of the governing escrow agreement and established legal principles.

6. This flagrant disregard for the governing law is compounded by the contradictory and misleading positions taken by Celsius and its Claims Administrator (White & Case LLP), as documented in the attached Exhibit A. Initially, both the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and the Claims Administrator unequivocally assured iCapital that it would receive 105% of its allowed claims, expressly including the Wyoming Assets. This representation was repeatedly reinforced through multiple communications and official court filings, inducing iCapital to justifiably rely on the promise that its entire claim would be honored.

7. However, in a stunning reversal, the Claims Administrator now asserts that the escrowed assets were never part of the bankruptcy estate and are therefore excluded from the 105% payout. This abrupt about-face not only contradicts their prior assurances but also raises grave concerns of bad faith, breach of fiduciary duty, and judicial estoppel. Such blatant inconsistencies undermine the integrity of the judicial process and necessitate immediate rectification.

**Court's Binding Determination and the Inescapable Conclusion:**

8. The Bankruptcy Court's order definitively established that iCapital and its assets, including the Wyoming Assets, were subject to the injunction provisions of the Plan. This ruling inherently recognized the Wyoming Assets as property of the bankruptcy estate, as the injunction's applicability is explicitly confined to estate assets.

9. Neither Celsius nor the Claims Administrator challenged this pivotal finding at any stage of the proceedings. To the contrary, they actively argued for the inclusion of the Wyoming Assets within the scope of the injunction. This conduct unequivocally confirms their acknowledgment and acceptance of the Wyoming Assets as estate property.

10. The Bankruptcy Court's determination is clear, unambiguous, and binding. The Wyoming Assets are undeniably property of the bankruptcy estate, and iCapital is entitled to receive their full value as part of the 105% claim allowance.

11. The Claims Administrator's current position that the escrowed assets were not part of the bankruptcy estate, while consistent with my position in these proceedings, fundamentally contradicts the Bankruptcy Court's findings and the express language of its order. If the Wyoming Assets were truly not estate property, as the Claims Administrator now contends, then the Bankruptcy Court's decision to enjoin iCapital based on the Plan's injunction provisions was fundamentally flawed and legally erroneous. This manifest error in the Bankruptcy Court's reasoning provides clear and compelling grounds for a reversal on appeal.

12. However, unless and until a decision is rendered by a reviewing court that modifies the Bankruptcy Court's order, the inconsistencies and contradictions in the Claims Administrator's positions, coupled with their steadfast refusal to return to iCapital its

rightful property, demonstrates a willful defiance of the current court order and gives rise to potential causes of action for breach of fiduciary duty, conversion, and contempt of court.

13. This declaration and the attached Exhibit A are submitted to provide a comprehensive and accurate record of the facts and circumstances surrounding this dispute, to be considered by the court and the claims administrator in the earnest hope of fostering a collaborative resolution of this matter. It is my sincere desire that this declaration will clarify the undisputed status of the Wyoming Assets as estate property and ensure that iCapital receives the full 105% value of its claim, as was initially promised by the Claims Administrator and unequivocally affirmed by the Bankruptcy Court's own ruling.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 24th day of May, 2024.

> Respectfully submitted,
>
> *[signature]*
>
> Jason Voelker
> Shareholder of iCapital
> 145 Corte Madera Town Center #146
> Corte Madera, CA 94925
>
> Jason.voelker@ymail.com
>
> (415) 609-9967

22-10964-mg    Doc 4903    Filed 05/28/24    Entered 05/28/24 12:39:32    Main Document
Pg 5 of 12


**Certificate of Service**

I, Jason Voelker, certify that on May 28, 2024, a copy of this Declaration as well as the Designation of Record on Appeal was uploaded to the Pro Se Upload Portal within the U.S. Bankruptcy Court's online portal. I understand that the Clerk of Court will examine and docket this Notice, making it available to all parties in the case through the ECF system, in accordance with the Federal Rules of Bankruptcy Procedure.

_____
Jason Voelker

# Exhibit A

RE: Re: Re: In re Celsius Network LLC, et al., Case No. 22-10964 (MG) - iCapital

From: Hershey, Samuel (sam.hershey@whitecase.com)

To: jason.voelker@ymail.com; jade.yoo@whitecase.com

Cc: laura.baccash@whitecase.com

Date: Thursday, May 23, 2024 at 03:00 AM PDT

Mr. Voelker, the Court has ruled on these issues and we do not intend to discuss them further. If you choose to pursue further litigation then we will communicate our position through our court filings.

Best,
Sam

**From:** Jason Voelker <jason.voelker@ymail.com>
**Date:** Thursday, May 23, 2024 at 02:40
**To:** Yoo, Jade <jade.yoo@whitecase.com>
**Cc:** Hershey, Samuel <sam.hershey@whitecase.com>, Baccash, Laura <laura.baccash@whitecase.com>
**Subject:** [EXT] Re: Re: In re Celsius Network LLC, et al., Case No. 22-10964 (MG) - iCapital

There is clearly a fundamental misunderstanding regarding iCapital's claim in the Celsius bankruptcy proceedings. As articulated in my motion and subsequent communications, iCapital's claims for the escrowed assets are unequivocally not property of the bankruptcy estate. These assets, meticulously segregated outside the trust and conspicuously absent from Celsius's bankruptcy schedules, were never intended to fall under the estate's purview.

During our telephone conversations, you confidently asserted that iCapital's entire claim, inclusive of the specific quantity of cryptocurrency sought in my adversary complaint, had been comprehensively resolved by the confirmation plan. I respectfully requested that you substantiate this assertion with definitive evidence, specifically the precise amount and corroborating documentation within the pleadings and bankruptcy filings that would demonstrate the unequivocal acceptance of the escrowed accounts as part of the claim. Your continued inability to furnish such evidence is deeply troubling and has created an impasse in our dialogue.

Your recent emails further exacerbate this issue. You stated that "iCapital's claim has been fully addressed and resolved pursuant to the Plan and Confirmation Order," a statement that is demonstrably false given the glaring omission of the Wyoming escrow account from all relevant documentation. This omission not only substantiates the validity of my claim but also exposes a profound inconsistency in your position. It is simply illogical to assert that a claim has been "fully addressed" while simultaneously disregarding a substantial component of said claim. Your

prior representations to the court, affirming that the escrowed assets were encompassed within the bankruptcy estate, now appear to be contradicted by your own statements.

Furthermore, your evolving stance is not merely inconsistent with your prior arguments; it directly contradicts the court's published opinion, which explicitly affirmed the preservation of iCapital's rights within the claim confirmation process. Your current assertion that iCapital has essentially forfeited its rights is a misconstruction of the court's ruling.

The bankruptcy court's determination, based on your prior representations, that iCapital's claim was fully resolved and that I lacked standing is clearly erroneous. The cryptocurrency held in the Wyoming escrow account remains conspicuously unaccounted for, a fact that unequivocally belies your assertion that the claim has been fully satisfied.

In light of these inconsistencies and the gravity of the matter, I implore you to reconsider your position and engage in a transparent and forthright dialogue. I believe it is imperative that we rectify these misunderstandings and work collaboratively towards a just resolution that aligns with the facts, the law, and the court's ruling.

I remain hopeful that a judicious and amicable resolution can be reached. However, I must reiterate that I have filed an appeal and am fully prepared to pursue it if necessary to ensure that iCapital's rightful claim to the escrowed assets is fully recognized and adjudicated.

Jason Voelker

(415) 609-9967

On Wednesday, May 22, 2024 at 09:47:20 AM PDT, Yoo, Jade <jade.yoo@whitecase.com> wrote:

Mr. Voelker,

I disagree that anything I've laid out in my previous email is consistent with the arguments you've raised before the Court.

For the avoidance of doubt, allow me to make our position—as affirmed in the Court's May 8 opinion denying your motion—clear. iCapital filed a proof of claim in the chapter 11 cases. iCapital's claim has been fully addressed and resolved pursuant to the Plan and Confirmation Order, which is final and binding. iCapital will receive a distribution of 105% of the scheduled amount of its claim. There is simply nothing more to be done for iCapital's claim, which is now expunged pursuant to the Plan and Confirmation Order. Importantly, you lack standing to seek relief on behalf of iCapital.

I understand that you have filed a notice of appeal of the Court's May 8 opinion. It is becoming apparent that you will not be dissuaded from pursuing meritless litigation and wasting estate resources. And any further direct communication will be unproductive. Should you choose to proceed with your appeal, we are prepared to respond.

Regards,

Jade

**Jade Yoo** | Associate

T  +1 212 819 8439   M  +1 646 897 0519    E   jade.yoo@whitecase.com

White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095

---

**From:** Jason Voelker <jason.voelker@ymail.com>
**Sent:** Friday, May 17, 2024 1:55 PM
**To:** Yoo, Jade <jade.yoo@whitecase.com>
**Cc:** Hershey, Samuel <sam.hershey@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>
**Subject:** [EXT] Re: In re Celsius Network LLC, et al., Case No. 22-10964 (MG) - iCapital

Thank you for your email and the opportunity for further dialogue regarding the iCapital claim.

While I maintain my unwavering conviction that iCapital is entitled to the full and immediate restitution of its wrongfully seized assets, and categorically reject the notion that iCapital should be relegated to the status of an unsecured creditor, I acknowledge the recent court order's directive to include the pledged digital assets within the class claim.

Initially, my understanding was that the Wyoming escrow account, being unequivocally held outside the bankruptcy estate, would not be subject to joint administration with the Earn/Custody accounts. However, the court's analysis and opinion have shed new light on this matter, suggesting a need for both accounts to be jointly administered under the distribution orders. Interestingly, your current position aligns with the arguments I previously presented. This raises the question of why these critical distinctions were not thoroughly examined during our prior exchange of pleadings. Perhaps there was a misunderstanding, or perhaps your office adopted a different strategy at that time. Regardless of the reason, it is unfortunate that these issues were not addressed earlier, as it has caused unnecessary delay and confusion.

Your office's earlier strategic decision to avoid engaging with these factual contentions, while perhaps tactically advantageous in that isolated instance, has unfortunately left several pivotal

questions unanswered.

In light of this newfound clarity, it is evident that, at a minimum, the escrowed assets should also be included in the claim. To ensure that iCapital receives the maximum recovery to which it is rightfully entitled, I respectfully request your immediate guidance on the procedural steps necessary to amend our claim accordingly. Alternatively, please clarify whether the Claims Administrator will now undertake this task, pursuant to the court's May 8, 2024 order.

Furthermore, during my meticulous review of Celsius' schedules, I have been unable to locate the specific onboarding transactions pertaining to iCapital's Wyoming escrow account. Given that the majority of account holders have had their addresses redacted, while those from Wyoming (including iCapital) have not, I inquire as to whether there are separate segregated accounts that may have eluded my scrutiny.

Please advise as to any additional information or documentation you require from me to expedite this process. I remain steadfast in my commitment to a collaborative approach in pursuit of a swift and equitable resolution that fully recognizes iCapital's rightful claim to its assets.

Thank you for your continued attention to this matter.

Sincerely,


Jason Voelker


(415) 609-9967


**Confidentiality Notice: the information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachments for any purpose, nor disclose all or any part of the contents to any other person.**

On Friday, May 10, 2024 at 07:30:18 AM PDT, Yoo, Jade <jade.yoo@whitecase.com> wrote:

Mr. Voelker,

I received your voicemail.  I understand you are now taking the position that the iCapital Claim should have been treated as a secured claim under Wyoming law.  We disagree.  As you are aware, the Court issued a decision denying your motion (the "Opinion" or "Op.") (see attached).  The rationale underlying the Opinion applies to your new contention.

*First*, it remains true that "the iCapital Claim was fully addressed and resolved in the Debtors' confirmed plan."  Op. at 22-23.  The proof of claim filed by iCapital was and remains expunged.  It also remains true that both you and iCapital are enjoined from commencing *any* proceeding with respect to the iCapital Claim.  *See* Op. at 7 (quoting Plan, Art. VIII.F).  Your assertion that the iCapital Claim should have been a secured claim will encounter the same roadblocks.

*Second*, a consequence of iCapital's decision to not opt out of the Class Claim Settlement was not only the release of its claim, but also an agreement to be limited to the recovery provided under the Class Claim Settlement under the Plan.  *See, e.g.,* Disclosure Statement [Docket No. 3332] at 194 ("For the Account Holders who do not timely opt out of the Class Claim Settlement . . . their recovery from the Debtors will be limited to the recovery provided to the corresponding Class Claim Settlement Claim under the Plan.").  iCapital is bound by the Confirmation Order and the Plan, which effectuated the Class Claim Settlement and the treatment of its claim.  *See* Op. at 23.

*Third*, because iCapital's Claim has already been fully resolved and there is no relief that can be provided, you will lack standing as a party in interest to pursue this theory before the Court.  *See* Op. at 25.

*Finally*, we note that you seem to have misstated the amount of BTC that iCapital had previously deposited with Celsius.  iCapital's now-expunged proof of claim stated that it was owed 1.761163 BTC.  *See* Claim No. 9489 at Attachment 1 (also attached).  We understand that the Debtors' records are consistent with this number as well, as reflected by the amount of its scheduled claim.  On the other hand, you had represented in your previous proposed complaint that iCapital deposited 17.61163 BTC with Celsius.

There is no legal basis for the relief you seek and we expect the Court will be quick to deny any further attempts by you to litigate the iCapital Claim.  Further, given the small amount in controversy and the fact that iCapital is set to receive 105% of the scheduled amount of its claim, we believe that any further litigation would be an unnecessary use of judicial and estate resources.  We encourage you, therefore, to reconsider pursuing further litigation.  Of course, whether to seek judicial relief is ultimately your decision, and should you choose to proceed, we will respond accordingly.

I am available to confer should you have any further questions.

Regards,

Jade

**Jade Yoo** | Associate

T +1 212 819 8439   M +1 646 897 0519   E [jade.yoo@whitecase.com](mailto:jade.yoo@whitecase.com)

White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**WHITE & CASE**

==============================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==============================================================================

==============================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==============================================================================

==============================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==============================================================================