

June 6, 2024

**VIA ECF**

The Honorable Martin Glenn
Chief Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re: *In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG)

Dear Judge Glenn:

    I write on behalf of Mohsin Y. Meghji as Litigation Administrator in response to the *Declaration of Jason Voelker* [Docket No. 4903] (the "**Declaration**").[1]

    *First*, the Declaration does not make a cognizable request for judicial relief, and the Court should decline to consider it on this basis.[2] The Declaration does not include a request for hearing, a proposed order, any legal basis for relief, or any statement of the relief requested, all of which are required by the local rules and the operative case management order in these chapter 11 cases.[3] Although proceeding *pro se*, Mr. Voelker included such elements in his previously filed *Motion for Leave to File Adversary Proceeding and Request for Permission to Utilize the Electronic Court Filing System (ECF)* [Docket No. 4825] (the "**Voelker Motion**") and thus appears aware of such requirements when seeking relief in this Court.

    *Second*, certain portions of the Declaration seem to be an improper attempt by Mr. Voelker to relitigate issues already addressed by the Court in its *Memorandum Opinion and Order Denying Jason Voelker's Motion for Leave to File an Adversary Proceeding and Request for Permission to Utilize the Electronic Court Filing System* [Docket No. 4873] (the "**Opinion & Order**"). The Declaration contains several paragraphs repeating the issues raised in the Voelker Motion. *See,*

---

[1] Mr. Voelker has included the Declaration in his *Notice of Designation of Record* [Docket No. 4904] and the Litigation Administrator intends to separately move to strike the Declaration from the record on appeal.

[2] *See, e.g.*, *Barrett v. Corr. Officer Moody*, No. 19-CV-190JLS, 2023 U.S. Dist. LEXIS 31294, at *20–21 (W.D.N.Y. Feb. 23, 2023) (finding that "[e]ven considering [p]laintiff's *pro se* status and construing all possible legal arguments set forth in [plaintiff's submission] liberally, the [c]ourt finds no discernable request for relief in this purposed 'motion'" and recommending the submission be denied); Order at 1-2, *United States v. Brennerman*, No. 1:17-cr-00337-RJS (S.D.N.Y. May 31, 2023), ECF No. 300 (advising *pro se* litigant that the court "will not respond to or take any action in connection with submissions that fail to request court action or otherwise make a cognizable request for relief").

[3] *See* Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (requiring a motion to "specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief"); *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 2560], Ex. 1 (Case Management Procedures) ¶¶ 18, 19, 21, 24.

WHITE & CASE

The Hon. Martin Glenn, p. 2
June 6, 2024

*e.g.*, Decl. ¶¶ 4-5 (repeating arguments that a "bailment" relationship exists under Wyoming law and that the "Wyoming Assets" should not be considered property of the bankruptcy estate); *id.* ¶ 12 (repeating allegation that iCapital is owed the return of certain cryptocurrency); *see also id.* ¶ 11 (arguing that there was "manifest error" and "compelling grounds for a reversal on appeal"). Indeed, the stated purpose of the Declaration is "to provide a comprehensive and accurate record of the facts and circumstances surrounding this dispute, to be considered by the court . . . ." Decl. ¶ 13. But the doctrine of *res judicata* bars Mr. Voelker from asking the Court to "consider" (or, in this case, reconsider) facts and issues that have already been litigated and adjudicated by the Court in its Opinion & Order. *See In re Smith*, No. 22-3418 (KAJ), 2024 WL 2309156, at *6 (3d Cir. May 22, 2024) ("The doctrine of res judicata precludes parties from contesting matters that they have had a full and fair opportunity to litigate.") (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979) (quotation marks and brackets omitted)). Moreover, Mr. Voelker has filed an appeal, which deprives this Court of jurisdiction to consider these issues. *See Geron v. Holding Cap. Grp., Inc. (In re PBS Foods, LLC)*, 549 B.R. 586, 596 (Bankr. S.D.N.Y. 2016) (Garrity, Jr., J.) ("As a general matter, the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the appellate court and divests the trial court of its control over those aspects of the case involved in the appeal.") (quoting *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quotation marks and brackets omitted)).

*Third*, Mr. Voelker spends the rest of the Declaration (i) accusing the Litigation Administrator of "assert[ing] that the escrowed assets were never part of the bankruptcy estate" (*see* Decl. ¶¶ 7, 11); (ii) contending that this alleged contradictory position is in defiance of the Opinion & Order (*see* Decl. ¶¶ 6, 11, 12); and (iii) seeking to "clarify the undisputed status of the Wyoming Assets as estate property and ensure that iCapital receives the full 105% value of its claim." Decl. ¶ 13.[4]

The Litigation Administrator has never argued that the prepetition cryptocurrency assets that iCapital deposited with Celsius as collateral for its loan from Celsius (what Mr. Voelker refers to as the "Wyoming Assets") are not property of the Debtors' estates. Nor could it. This Court has conclusively ruled that such cryptocurrency "held by the Debtors as of the Petition Date as collateral with respect to their loan obligations under the Debtors' Borrow Program *constitutes property of the Debtors' Estates.*" *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3972] (the "**Confirmation Order**") ¶ 269 (emphasis added). In fact, the Litigation Administrator has consistently maintained—in both filings with the Court[5] and in communications with Mr. Voelker[6]—that the Confirmation Order fully resolved the iCapital Claim (as defined in the Opinion

---

[4] Mr. Voelker further contends that the Litigation Administrators' alleged contradictions "raise[] grave concerns of bad faith" and constitute "willful defiance of the current court order" that purportedly "gives rise to potential causes of action for breach of fiduciary duty, conversion, and contempt of court." Decl. ¶¶ 7, 12. These accusations are meritless.

[5] *See, e.g.*, *Joint Objection by Litigation Administrator and Ionic Digital Inc. to Jason Voelker's Motion for Leave to File Adversary Complaint* [Docket No. 4843] (the "**Objection**") ¶ 18 ("iCapital's Proof of Claim has been expunged pursuant to the terms of the Plan and Confirmation Order.").

[6] *See, e.g.*, Decl. at Ex. A, p. 5 ("iCapital is bound by the Confirmation Order and the Plan, which effectuated the Class Claim Settlement and the treatment of its claim."); *id.* at Ex. A, p. 2 ("iCapital filed a proof of claim in the chapter 11 cases. iCapital's claim has been fully addressed and resolved pursuant to the Plan and Confirmation Order, which is final and binding.").

**WHITE & CASE**

The Hon. Martin Glenn, p. 3
June 6, 2024

& Order), which *includes* iCapital's collateral on its loan from Celsius,[7] and iCapital will receive its distribution of 105% of the scheduled amount of its claim under the terms of the confirmed Plan. The Court has agreed with the Litigation Administrator's positions on these issues. *See* Opinion & Order at 22-24.

I am available to discuss this matter further if the Court so directs.

Respectfully submitted,

 */s/ Samuel P. Hershey*

Samuel P. Hershey

---

[7]  The Litigation Administrator notes that iCapital's proof of claim and the Debtors' schedules reflect that iCapital deposited approximately 1.1761163 BTC as collateral. The Litigation Administrator believes Mr. Voelker has mistakenly represented in his papers that the collateral amount is 17.61163 BTC and has informed Mr. Voelker of this error. To be clear, the Litigation Administrator does not believe this factual error is material to the Court's Opinion & Order or to Mr. Voelker's pending appeal. However, the Litigation Administrator raises it here to the extent Mr. Voelker believes (in error) that this discrepancy forms a basis for his contention that the Litigation Administrator has taken "contradictory and misleading positions." *See* Decl. ¶ 6.