Hearing Date: June 27, 2024, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: June 20, 2024, at 4:00 p.m. (prevailing Eastern Time)

| | |
|---|---|
| **WHITE & CASE LLP**<br>David M. Turetsky<br>Samuel P. Hershey<br>Joshua D. Weedman<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile:  (212) 354-8113<br>Email:  david.turetsky@whitecase.com<br>            sam.hershey@whitecase.com<br>            jweedman@whitecase.com | **WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile:  (312) 881-5450<br>Email: gregory.pesce@whitecase.com |
| – and – | – and – |
| **WHITE & CASE LLP**<br>Keith H. Wofford<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 4900<br>Miami, Florida 33131<br>Telephone: (305) 371-2700<br>Facsimile:  (305) 358-5744<br>Email: kwofford@whitecase.com | **WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile:  (213) 452-2329<br>Email: aaron.colodny@whitecase.com |

*Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF LITIGATION ADMINISTRATOR'S MOTION
TO STRIKE ITEM IN JASON VOELKER'S DESIGNATION OF
ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

---

[1] The "**Post-Effective Date Debtors**" in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of the Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE NOTICE** that a hearing on the *Litigation Administrator's Motion to Strike Item in Jason Voelker's Designation of Items to be Included in the Record on Appeal* (the "**Motion**") will be held on **June 27, 2024, at 10:00 a.m., prevailing Eastern Time** (the "**Hearing**") before the Honorable Martin Glenn, Chief United States Bankruptcy Judge. The Hearing will be held in person before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408. The Hearing is not expected to involve the taking of testimony (a "**Non-Testimonial Hearing**"). With the permission of the Court, only parties in interest, their attorneys, and witnesses may attend hearings by Zoom. Any person or entity that is permitted to attend the Hearing by Zoom must certify that they are appearing in a permitted capacity by registering their appearance in the Electronic Appearance portal located on the Court's website at: http://www.nysb.uscourts.gov/ecourt-appearances. Electronic appearances (eCourtAppearances) must be entered no later than **4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on Wednesday, June 26, 2024)**.

**PLEASE TAKE FURTHER NOTICE** that, with the permission of the Court, the public, including members of the media, may dial-in to Non-Testimonial Hearings remotely using the audio platform made available by the Court. Any person or entity that is permitted to dial-in to the Hearing by using the audio platform must register their appearance in the Electronic Appearance portal located on the Court's website at: http://www.nysb.uscourts.gov/ecourt-appearances. Appearances must be entered no later than **4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on Wednesday, June 26, 2024)**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for

2

Government audio and video hearing, all persons seeking to attend the Hearing remotely at 10:00 a.m., prevailing Eastern Time on June 27, 2024, must connect to the Hearing beginning at 9:00 a.m., prevailing Eastern Time on June 27, 2024. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief*, [Docket No. 2560] (the "**Case Management Order**") by **June 20, 2024, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master

Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Litigation Administrator.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius. You may also obtain copies of all pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated:  June 6, 2024<br>New York, New York | Respectfully submitted,<br><br>/s/ Samuel P. Hershey<br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Samuel P. Hershey<br>Joshua D. Weedman<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile:  (212) 354-8113<br>Email: david.turetsky@whitecase.com<br>         sam.hershey@whitecase.com<br>         jweedman@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile:  (312) 881-5450<br>Email:  gregory.pesce@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Keith H. Wofford<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 4900<br>Miami, Florida 33131<br>Telephone: (305) 371-2700<br>Facsimile:  (305) 358-5744<br>Email:  kwofford@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile:  (213) 452-2329<br>Email:  aaron.colodny@whitecase.com<br><br>*Counsel to Mohsin Y. Meghji as Litigation Administrator* |

Hearing Date: June 27, 2024, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: June 20, 2024, at 4:00 p.m. (prevailing Eastern Time)

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Joshua D. Weedman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
 sam.hershey@whitecase.com
 jweedman@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### LITIGATION ADMINISTRATOR'S MOTION TO STRIKE ITEM IN JASON VOELKER'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

---

[1] The "**Post-Effective Date Debtors**" in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of the Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## **TABLE OF CONTENTS**

RELIEF REQUESTED ..........................................................................................................1

JURISDICTION AND VENUE ............................................................................................1

RELEVANT BACKGROUND .............................................................................................2

BASIS FOR RELIEF .............................................................................................................3

    I.    The Declaration Is Improperly Designated on the Record on Appeal and Should Be Stricken ..........................................................................................3

NOTICE ..................................................................................................................................4

NO PRIOR REQUEST ..........................................................................................................4

CONCLUSION .......................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*In re Adkins*, No. 12-10314-rlj-7,
  2014 Bankr. LEXIS 4676 (Bankr. N.D. Tex. Nov. 7, 2014) ....................................................... 3

*NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*,
  320 B.R. 518 (Bankr. S.D.N.Y. 2005) ................................................................................... 3, 4

### STATUTES AND RULES

28 U.S.C. § 157 ............................................................................................................................ 1

28 U.S.C. § 1334 .......................................................................................................................... 1

28 U.S.C. § 1408 .......................................................................................................................... 1

28 U.S.C. § 1409 .......................................................................................................................... 1

Fed. R. Bankr. P. 8009(e) ......................................................................................................... 1, 3

Local Bankruptcy Rule 8009-1 .................................................................................................... 1

Mohsin Y. Meghji as Litigation Administrator (the "**Litigation Administrator**") of the above-captioned post-effective date debtors (prior to the Effective Date of the Plan, the "**Debtors**," and, after the Effective Date, the "**Post-Effective Date Debtors**," as applicable) files this motion (the "**Motion**") to strike the *Declaration of Jason Voelker* [Docket No. 4903] (the "**Declaration**") from the record on appeal as included in Jason Voelker's *Notice of Designation of Record* [Docket No. 4904] (the "**Voelker Designation**") and respectfully states as follows:

## RELIEF REQUESTED

1. The Litigation Administrator seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**") (i) striking the Declaration from the record on appeal and (ii) granting such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Litigation Administrator confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein is rule 8009(e)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 8009-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## RELEVANT BACKGROUND

5. On April 22, 2024, Mr. Voelker filed his *Motion for Leave to File Adversary Proceeding and Request for Permission to Utilize the Electronic Court Filing System (ECF)* [Docket No. 4825] (the "**Voelker Motion**").

6. On April 30, 2024, the Litigation Administrator and Ionic Digital Inc. filed a joint objection to the Voelker Motion [Docket No. 4843].

7. On May 6, 2024, Mr. Voelker filed a reply in support of the Voelker Motion [Docket No. 4865].

8. On May 7, 2024, the Court held a hearing on the Voelker Motion.

9. On May 8, 2024, the Court issued its *Memorandum Opinion and Order Denying Jason Voelker's Motion for Leave to File an Adversary Proceeding and Request for Permission to Utilize the Electronic Court Filing System* [Docket No. 4873] (the "**Opinion and Order**"), which denied the Voelker Motion in its entirety.

10. On May 11, 2024, Mr. Voelker filed his *Notice of Appeal* [Docket No. 4887] of the Opinion and Order, seeking reversal of the Court's ruling.

11. On May 28, 2024, Mr. Voelker filed the Declaration. *See* Docket No. 4903. The Declaration attaches as Exhibit A an email chain between Mr. Voelker and counsel for the Litigation Administrator beginning on May 10, 2024.

12. On the same day, Mr. Voelker filed the Voelker Designation, designating, among other things, the Declaration as part of the record on appeal.

**BASIS FOR RELIEF**

I.  **The Declaration Is Improperly Designated on the Record on Appeal and Should Be Stricken**

13. This Court should strike the Declaration from the record on appeal because the Declaration was not before the Court and never considered by it in connection with the entry of the Opinion and Order. Indeed, the Declaration and the accompanying Exhibit A, both of which post-date the Opinion and Order, did not exist at the time the Court reached its decision denying the Voelker Motion.

14. Bankruptcy Rule 8009(e) sets forth procedures for "[c]orrecting or modifying the record" in an appeal from a bankruptcy court order. Fed. R. Bankr. P. 8009(e); *see* Fed. R. Bankr. P. 8009(e) advisory committee's notes to 2014 Amendment ("[Rule 8009](e) . . . provides a procedure for correcting the record on appeal if an item is improperly designated, omitted, or misstated."). Bankruptcy Rule 8009(e)(1) provides as follows:

> [i]f any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. *If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.*

Fed. R. Bankr. P. 8009(e)(1) (emphasis added). The record on appeal must "accurately disclose[]" all information the Court considered and relied upon in making its ruling. *Id.* Items not considered by the Court should be stricken from the record on appeal. *NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005) ("The record on appeal should contain all items considered by the bankruptcy court in reaching a decision. . . . *[I]f an item was not considered by the court, it should be stricken from the record on appeal.*") (citation and quotation omitted) (emphasis added) (interpreting former Bankruptcy Rule 8006, the predecessor of current Bankruptcy Rule 8009); *see also In re Adkins*, No. 12-10314-rlj-7, 2014 Bankr. LEXIS

3

4676, at *4 (Bankr. N.D. Tex. Nov. 7, 2014) ("By implication, items that were created after the court made its disposition cannot be part of the appellate record. . . . Items created after the Court made its ruling were obviously not considered by the Court in its ruling.") (citing *Zer-Ilan v. Frankford (In re CPDC, Inc.)*, 337 F.3d 436, 443 (5th Cir. 2003)).

15.     Here, the Declaration, which was filed three weeks after the Court issued its Opinion and Order, was plainly not available to the Court and could not have been considered by it in reaching its decision. Similarly, the email chain attached as Exhibit A to the Declaration, which is comprised entirely of emails that were exchanged after the Court issued the Opinion and Order, was not put before the Court in any document that the Court considered as part of its decision. As such, the Declaration should be stricken from the record before its transmittal to the U.S. District Court for the Southern District of New York. *See, e.g.*, *NWL Holdings, Inc.*, 320 B.R. at 521 (striking 11 documents that were never filed with the bankruptcy court and were never seen or considered by the bankruptcy court).

**NOTICE**

16.     The Litigation Administrator will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the United States Attorney's Office for the Southern District of New York; (c) the Internal Revenue Service; (d) the offices of the attorneys general in the states in which the Post-Effective Date Debtors operate; (e) the Securities and Exchange Commission; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (g) Jason Voelker. The Litigation Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

17.     No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

For the reasons stated herein, the Litigation Administrator respectfully requests that this Court enter the Order granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated:   June 6, 2024<br>New York, New York | Respectfully submitted,<br><br>*/s/ Samuel P. Hershey*<br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Samuel P. Hershey<br>Joshua D. Weedman<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile:  (212) 354-8113<br>Email: david.turetsky@whitecase.com<br>       sam.hershey@whitecase.com<br>       jweedman@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile:  (312) 881-5450<br>Email:  gregory.pesce@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Keith H. Wofford<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 4900<br>Miami, Florida 33131<br>Telephone: (305) 371-2700<br>Facsimile:  (305) 358-5744<br>Email:  kwofford@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile:  (213) 452-2329<br>Email:  aaron.colodny@whitecase.com<br><br>*Counsel to Mohsin Y. Meghji as Litigation Administrator* |

6

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING LITIGATION ADMINISTRATOR'S
MOTION TO STRIKE ITEM IN JASON VOELKER'S DESIGNATION OF
ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Upon the motion (the "**Motion**")[2] of Mohsin Y. Meghji as Litigation Administrator for entry of an order (this "**Order**") striking the Declaration from the record on appeal, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Post-Effective Date Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Litigation Administrator's notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in

---

[1] The "**Post-Effective Date Debtors**" in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of the Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

support of the relief requested therein at a hearing (the "**Hearing**") before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to Rule 8009(e)(1) of the Federal Rules of Bankruptcy Procedure, the Declaration is stricken from the record on appeal before its transmittal to the U.S. District Court for the Southern District of New York.

3. The Litigation Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York

Dated: _____, 2024

                                          THE HONORABLE MARTIN GLENN
                                          CHIEF UNITED STATES BANKRUPTCY JUDGE