Hearing Date: June 27, 2024, at 10:00 a.m. (prevailing Eastern Time)

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Jade H. Yoo
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
         sam.hershey@whitecase.com
         jade.yoo@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
Email: kwofford@whitecase.com

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email: gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to Mohsin Y. Meghji as
Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**LITIGATION ADMINISTRATOR'S REPLY IN SUPPORT OF MOTION
TO STRIKE ITEM IN JASON VOELKER'S DESIGNATION OF
ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

---

[1] The "**Post-Effective Date Debtors**" in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of the Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**TABLE OF CONTENTS**

ARGUMENT ..........................................................................................................................1

    I.    Mr. Voelker Has Not Shown That the Record on Appeal Should Be Expanded to Include His Declaration or the Briefings Filed in Connection with the Motion ..........................................................................................................1

    II.   Mr. Voelker's Allegations of Bad Faith and Procedural Deficiencies Lack Merit and Do Not Justify Augmenting the Record on Appeal .............................2

NOTICE ..................................................................................................................................5

CONCLUSION ......................................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*,
   No. 10 CV 2333 (KMW), 2013 WL 822173 (S.D.N.Y. Mar. 6, 2013)......................................4

*Est. of Shaw v. Marcus*,
   No. 14 Civ. 3849 (NSR) (JCM), 2017 WL 825317 (S.D.N.Y. Mar. 1, 2017) ..........................3

*Fox v. Bank Mandiri (In re Perry H. Koplik & Sons, Inc.)*,
   357 B.R. 231 (Bankr. S.D.N.Y. 2006)......................................................................................4

*Midamines SPRL Ltd. v. KBC Bank NV*,
   601 Fed. Appx. 43 (2d Cir. 2015)............................................................................................1

*Waske v. Lehman Bros. Holdings Inc.*,
   No. 20-CV-5083 (RA), 2021 WL 4523495 (S.D.N.Y. Sept. 30, 2021) ...................................3

### STATUTES AND RULES

Fed. R. Bankr. P. 8009(e)(1)............................................................................................................1

Mohsin Y. Meghji, as Litigation Administrator (the "**Litigation Administrator**")[2] of the above-captioned post-effective date debtors (prior to the Effective Date of the Plan, the "**Debtors**," and, after the Effective Date, the "**Post-Effective Date Debtors**," as applicable), files this reply (the "**Reply**") to Jason Voelker's *Opposition to Claims Administrator's[3] Motion to Strike Portions of the Bankruptcy Record from the Designated Record on Appeal and a Request That the Court Construe This Objection as a Motion to Augment the Appellate Record* [Docket No. 4948] (the "**Objection**") and in support of the *Litigation Administrator's Motion to Strike Item in Jason Voelker's Designation of Items to Be Included in the Record on Appeal* [Docket No. 4926] (the "**Motion**").

## ARGUMENT

**I.   Mr. Voelker Has Not Shown That the Record on Appeal Should Be Expanded to Include His Declaration or the Briefings Filed in Connection with the Motion**

1.   The Declaration should be stricken from the record on appeal. As stated in the Motion, the Declaration and accompanying exhibit did not exist at the time this Court issued its Opinion and Order and were never considered by the Court in connection with the Opinion and Order. Mot. ¶¶ 13-15. Their inclusion in the record on appeal would not "accurately disclose[] what occurred" before this Court. Fed. R. Bankr. P. 8009(e)(1). Mr. Voelker does not dispute this. He instead argues that the Declaration is "inextricably linked to the core issues of [the] appeal" and therefore must be included in the record on appeal. Obj. at 2. That argument fails.

2.   "Absent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record." *Midamines SPRL Ltd. v. KBC Bank NV*,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

[3] For the avoidance of doubt, Mr. Meghji is the Litigation Administrator of the Post-Effective Date Debtors, not the "Claims Administrator."

601 Fed. Appx. 43, 46 (2d Cir. 2015) (citing *Int'l. Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975)); *see also* Mot. ¶ 14 (citing *NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005) ("The record on appeal should contain all items considered by the bankruptcy court in reaching a decision. . . . [I]f an item was not considered by the court, it should be stricken from the record on appeal.") (citation and quotation omitted)).  Mr. Voelker's unsubstantiated say-so does not constitute an "extraordinary circumstance" warranting departure from these standards.  In the absence of a properly articulated reason that the record on appeal should include the Declaration—a narrative document that the Court has never seen and never considered in issuing its Opinion and Order—this Court should strike the Declaration.

3. The Objection further requests that this Court "augment" the record on appeal to include the briefings on this Motion and the Court's decision on the Motion.  *See* Obj. at 2, 9.  The Court should deny this request.  Mr. Voelker has appealed this Court's Opinion and Order, which denied the Voelker Motion because, among other things, (i) iCapital and Mr. Voelker are enjoined under the Confirmation Order from initiating the adversary proceeding proposed in the Voelker Motion, and (ii) Mr. Voelker lacks standing to commence the proposed adversary proceeding on behalf of iCapital.  Opinion and Order at 21-25.  Like the Declaration, the briefings for the Motion were never considered by the Court in connection with its issuance of the Opinion and Order.  Such briefs, as well as the Court's eventual ruling on this Motion, only concern what items should or should not be included in the record on appeal and are thus irrelevant to the Opinion and Order.

**II. Mr. Voelker's Allegations of Bad Faith and Procedural Deficiencies Lack Merit and Do Not Justify Augmenting the Record on Appeal**

4. Mr. Voelker spends most of his Objection accusing the Litigation Administrator of "questionable conduct" (Obj. at 2-4), "inconsistent positions" (Obj. at 4-6), and "deliberate

2

manipulation of the judicial process" (Obj. at 7-10).  Despite believing that these allegations are irrelevant and meritless, the Litigation Administrator addresses Mr. Voelker's primary contentions below.

5.  *First*, Mr. Voelker asserts that the Litigation Administrator engaged in improper *ex parte* communications with the Court by filing a letter responding to the Declaration (the "**Letter Response**") [Docket No. 4925].  Filing documents on the public docket and simultaneously serving such documents on the opposing party does not constitute improper *ex parte* contact. *Cf. Est. of Shaw v. Marcus*, No. 14 Civ. 3849 (NSR) (JCM), 2017 WL 825317, at *10 n.11 (S.D.N.Y. Mar. 1, 2017) ("[M]otions filed by opposing counsel with copies to all parties on the eve of a court appearance are not *ex-parte* communications . . . .").  The Litigation Administrator filed the Letter Response and the Motion on June 6, 2024; on the same day, the Litigation Administrator served Mr. Voelker these filings via email.  Although Mr. Voelker is not permitted to use the Court's ECF system (*see* Opinion and Order at 26), he has been directly served with all relevant filings and has never been denied an opportunity to be heard, as evidenced by his timely filed Objection.

6.  *Second*, Mr. Voelker contends that the Declaration should not be stricken because it purportedly "exposes a glaring inconsistency in the Claims Administrator's position regarding the Wyoming Assets" because the Litigation Administrator allegedly asserted "that these assets were never part of the estate." Obj. at 4-6.  Although *pro se* litigants like Mr. Voelker may be afforded some leniency, the Court "need not accept as true his conclusions of law or unwarranted deductions of fact." *Waske v. Lehman Bros. Holdings Inc.*, No. 20-CV-5083 (RA), 2021 WL 4523495, at *7 (S.D.N.Y. Sept. 30, 2021) (citation and quotations omitted).  The Litigation Administrator has already addressed Mr. Voelker's unsupported contention in its Letter Response.

3

*See* Letter Response at 2-3. Tellingly, Mr. Voelker does not (because he cannot) refer to a single line from counsel's email correspondence with him that would support this argument. *See generally* Decl. at Ex. A.

7. *Third*, Mr. Voelker's invocation of the doctrine of judicial estoppel is unwarranted. "Judicial estoppel prevents a party from asserting a factual position in a legal proceeding that is contrary to the position previously taken by the party in a prior legal proceeding." *Fox v. Bank Mandiri (In re Perry H. Koplik & Sons, Inc.)*, 357 B.R. 231, 245 (Bankr. S.D.N.Y. 2006) (Gerber, J.) (citation, quotations, and alterations omitted). "A party invoking judicial estoppel must show that (1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner." *Id.* (citation, quotations, and alterations omitted). As stated in the Letter Response, the Confirmation Order resolved that iCapital's prepetition cryptocurrency assets that it deposited with the Debtors constitute property of the Debtors' estates. *See* Letter Response at 2 (citing Confirmation Order ¶ 269). The Litigation Administrator neither challenged the Court's ruling on this issue nor asserted a contrary position before this Court. Because Mr. Voelker cannot show that the Litigation Administrator took an inconsistent position before this Court, estoppel principles do not apply. *See Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 10 CV 2333 (KMW), 2013 WL 822173, at *16 (S.D.N.Y. Mar. 6, 2013) ("Defendants correctly point out that estoppel is inapplicable in this case because Defendants—the party against whom estoppel would apply—have never asserted a contrary factual position.") (citation omitted).

8. *Finally*, Mr. Voelker argues that the Declaration would address "unresolved ambiguity surrounding the valuation of iCapital's claim" and "whether iCapital has been prejudiced in the claims process." *See* Obj. at 6-10. These issues are irrelevant to the record on

4

appeal. As argued in the Motion and this Reply (*supra* Section I), the record on appeal must accurately disclose what occurred before this Court and include only information the Court considered and relied upon in issuing the Opinion and Order. The purported dispute over the "valuation" of the iCapital Claim was never presented to the Court in connection with the Voelker Motion, never considered by the Court, and never addressed in the Opinion and Order. The Declaration and briefings for the Motion should not be included in the record on appeal on this basis.

## NOTICE

9. The Litigation Administrator will provide notice of this Reply to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the United States Attorney's Office for the Southern District of New York; (c) the Internal Revenue Service; (d) the offices of the attorneys general in the states in which the Post-Effective Date Debtors operate; (e) the Securities and Exchange Commission; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (g) Mr. Voelker. The Litigation Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

For the reasons stated herein, the Litigation Administrator respectfully requests that this Court (i) grant the Litigation Administrator's Motion; (ii) deny Mr. Voelker's request that the Court "construe [the] Objection as a Motion to Augment the Appellate Record;" and (iii) grant such other and further relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: June 26, 2024<br>New York, New York | Respectfully submitted,<br><br>/s/ Samuel P. Hershey<br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Samuel P. Hershey<br>Jade H. Yoo<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile:  (212) 354-8113<br>Email: david.turetsky@whitecase.com<br>         sam.hershey@whitecase.com<br>         jade.yoo@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile:  (312) 881-5450<br>Email:  gregory.pesce@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Keith H. Wofford<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 4900<br>Miami, Florida 33131<br>Telephone: (305) 371-2700<br>Facsimile:  (305) 358-5744<br>Email:  kwofford@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile:  (213) 452-2329<br>Email:  aaron.colodny@whitecase.com<br><br>*Counsel to Mohsin Y. Meghji as Litigation Administrator* |

6