**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION AND**
**AGREED ORDER BY AND AMONG THE POST-EFFECTIVE DATE DEBTORS,**
**LITIGATION ADMINISTRATOR, AND**
**PROFESSIONAL SOLUTIONS INSURANCE COMPANY, HUDSON**
**EXCESS INSURANCE COMPANY, STARSTONE SPECIALTY INSURANCE**
**COMPANY, AND ASSOCIATED INDUSTRIES INSURANCE COMPANY INC.**
**GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY, IF APPLICABLE**

This stipulation (the "Stipulation")[2] is entered into by and among the above-captioned post-effective date debtors (collectively, the "Debtors"), the Litigation Administrator for the above-captioned debtors and Professional Solutions Insurance Company, Hudson Excess Insurance Company, StarStone Specialty Insurance Company, and Associated Industries Insurance Company Inc. (collectively, the "Excess Insurers," and together with the Debtors, the "Parties"), each of which agrees and stipulates to the following.

**RECITALS**

**WHEREAS**, on July 13, 2022 (the "Petition Date"), certain of the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined in the *Motion of Professional Solutions Insurance Company, Hudson Excess Insurance Company, Starstone Specialty Insurance Company and Associated Industries Insurance Company, Inc. for Relief from the Automatic Stay to the extent Applicable* [Docket No. 4215] (the "Excess Insurers' Motion") or Excess Policies, as applicable.

United States Bankruptcy Court for the Southern District of New York (the "Court").

**WHEREAS**, on May 3, 2023, Euclid Financial Institution Underwriters, LLC filed the *Motion of Euclid Financial Institution Underwriters, LLC, a Duly Authorized Agent of Certain Underwriters of Lloyds of London and Republic Vanguard Insurance Company for Relief from the Automatic Stay to the Extent Applicable* [Docket No. 2585] (the "Euclid Motion"), seeking relief from the automatic stay, to the extent applicable, for the purpose of the advancement and/or payment of certain defense costs from a Directors & Officers' Liability and Corporate Securities Liability insurance policy, Policy No. EFI1203088-00 issued by Euclid Financial Institution Underwriters, LLC, a duly authorized agent of Certain Underwriters at Lloyds of London and Republic Vanguard Insurance Company, for certain defense costs incurred under the primary policy issued to the Debtors.

**WHEREAS**, on July 18, 2023, the Court entered an order granting the Euclid Motion and modifying the automatic stay imposed by 11 U.S.C. § 362(a) to the extent applicable [Docket No. 3044] (the "Euclid Order").

**WHEREAS**, on January 9, 2024, the Excess Insurers filed the Excess Insurers' Motion, seeking relief from the automatic stay, to the extent applicable, for the advancement and/or payment of certain defense costs incurred under the Excess Policies issued to the Debtors. The Excess Insurers' Motion sought relief under the Excess Policies similar to the relief granted in the Euclid Order to the Primary Insurers with respect to the Primary Policy.

**WHEREAS**, the Parties desire to consensually resolve the Excess' Insurers Motion without the time, expense, and uncertainty attendant to litigation, through the entry of an order on the same or similar terms as the Euclid Order.

**WHEREAS**, the Parties jointly submit this Stipulation and request that the Court approve

the stipulation as set forth below.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. The foregoing recitals are incorporated herein by reference.

2. Notwithstanding section 362 of the Bankruptcy Code, to the extent applicable, the Bankruptcy Court shall authorize the Excess Insurers to pay and/or advance certain defense costs incurred by the Individual Insureds under the Excess Policies pursuant to the agreed order substantially in the form attached hereto as **Exhibit A** (the "Order").

3. Nothing in this Stipulation or in the Order shall constitute a finding by the Court that the Excess Policies or the proceeds thereof are property of the Debtors' estates, and the Court makes no finding as to the applicability of the automatic stay imposed by 11 U.S.C. § 362.

4. Nothing in this Stipulation or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code; (c) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (d) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds whatsoever; (e) a promise or requirement to pay any claim; (f) an implication or admission that any particular claim is of a type specified or defined in the Stipulation or a finding that any particular claim is an administrative expense claim or other priority claim; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' bankruptcy estates; (h) a waiver or limitation of the Debtors', or any insurers', rights under the Bankruptcy Code or any other applicable

3

nonbankruptcy law; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Stipulation are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

5. This Stipulation shall be binding on the Parties from the date of its execution but is expressly subject to and contingent upon the Court entering the Order. If the Court does not enter the Order, this Stipulation shall be null and void.

6. This Stipulation represents the entire agreement by and between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

7. Except as otherwise explicitly stated herein, neither this Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

8. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

9. The Parties acknowledge that this Stipulation is the joint work product of the Parties and that, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

10. This Stipulation may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

11. This Stipulation shall be binding on and inure to the benefit of the Parties and their

respective heirs, executors, administrators, successors, and permitted assigns.

12. Nothing in this Stipulation, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation.

13. The Court shall have exclusive jurisdiction to hear and determine all matters arising from or related to this Stipulation and the interpretation and implementation thereof, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation *provided* that, for the avoidance of doubt, nothing herein shall cause the Excess Insurers to be subject to the Court's jurisdiction except for the limited purpose of this Stipulation and the Excess Insurers' Motion.

[*Remainder of page intentionally left blank.*]

**IN WITNESS WHEREOF**, the Parties, by their respective authorized counsel, have executed this Stipulation as of the date written below:

New York, New York
Dated: July 2, 2024

| | |
|---|---|
| */s/ Joshua A. Sussberg* | */s/ Elan Kandel* |
| **Kirkland & Ellis LLP** | **Bailey Cavalieri LLC** |
| **Kirkland & Ellis International LLP** | Elan Kandel |
| Joshua A. Sussberg, P.C. | 10 W. Broad Street, Ste. 2100 |
| 601 Lexington Avenue | Columbus, Ohio 43215 |
| New York, New York 10022 | Telephone:   (614) 229-3254 |
| Telephone:   (212) 446-4800 | Facsimile:   (614) 221-0479 |
| Facsimile:   (212) 446-4900 | Email:   ekandel@baileycav.com |
| Email: joshua.sussberg@kirkland.com | |

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       patrick.nash@kirkland.com
             ross.kwasteniet@kirkland.com
             chris.koenig@kirkland.com
             dan.latona@kirkland.com

*Attorney for StarStone Specialty Insurance Company and Associated Industries Insurance Company, Inc.*

*/s/ Scarlett M. Rajbanshi*
**Peabody & Arnold, LLP**
Scarlett M. Rajbanshi
600 Atlantic Avenue
Boston, Massachusetts 02210
Telephone:   (617) 951-2011
Facsimile:   (617) 951-2125
Email:       srajbanshi@peabodyarnold.com

*Attorneys for Post-Effective Date Debtors*

*Attorney for Professional Solutions Insurance Company and Hudson Excess Insurance Company*

*/s/ Aaron Colodny*
**WHITE & CASE LLP**
David M. Turetsky
Kimberly A. Havlin
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
       kim.havlin@whitecase.com
       sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400

Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
　　　　gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Litigation Administrator*


**IT IS SO ORDERED.**

Dated:　July 18, 2024
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　**/s/ Martin Glenn**
　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　Chief United States Bankruptcy Judge

**Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER GRANTING MOTION OF
PROFESSIONAL SOLUTIONS INSURANCE
COMPANY, HUDSON EXCESS INSURANCE COMPANY,
STARSTONE SPECIALTY INSURANCE COMPANY AND
ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. FOR
RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT APPLICABLE**

Upon the motion of Professional Solutions Insurance Company, Hudson Excess Insurance Company, StarStone Specialty Insurance Company, and Associated Industries Insurance Company Inc. (the "Motion")[2] for relief from the automatic stay, to the extent applicable, for the purpose of the advancement and/or payment of certain defense costs incurred by the insured persons of the above-captioned debtors and debtors in possession (collectively, the "Debtors") under the Excess Policies, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found good cause to enter the relief requested by the Motion; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. To the extent applicable, the automatic stay imposed by 11 U.S.C. § 362(a) in the respective proceedings is hereby modified solely to the extent necessary to allow the Excess Insurers to advance and/or make payments under the Excess Policies for Defense Costs incurred by the Individual Insureds who have been sued in an arbitration and in multiple state and federal court lawsuits (including a draft of an adversary proceeding in this court), and who have received demand letters and/or emails, subpoenas, formal and/or informal requests for documents and information or formal letters, received subpoenas or formal letters announcing investigations or requests for documents or information in connection with various investigations by multiple state and federal regulators and/or Attorneys General, as well as from certain foreign regulators situated in Canada and the United Kingdom, subject to the Excess Insurers' determination that the above are potentially covered under the Policy and subject to a reservation of rights by the Excess Insurers or by any of the Insureds under the Policy and applicable law.

3. Nothing herein shall constitute a finding by the Court that the proceeds of the Policy are or are not property of the Debtors' estates, and the Court makes no finding as to the applicability of the automatic stay imposed by 11 U.S.C. § 362(a) to the Policy proceeds.

4. Excess Insurers shall provide written quarterly updates on the amount of Defense Costs advanced on behalf of the Individual Insureds under the Policy to the U.S. Trustee, Kirkland & Ellis LLP as counsel to the Debtors, and White & Case LLP as counsel to the Litigation Administrator (the "Litigation Administrator") until the Limits of Liability of the Policy are fully

eroded. Such quarterly updates shall include, on a per individual basis, (1) the name of the Individual Insured who received advances and/or payments; (2) the nature of the claim(s); (3) the dollar amount of the claim(s) submitted and the amount actually advanced and/or paid; (4) the identity of counsel representing the Individual Insured (if applicable); and (5) the amount of liability coverage remaining under the Policy. Any Individual Insureds receiving insurance proceeds pursuant to this Order shall be required to sign the letter attached hereto as **Exhibit A** consenting to the jurisdiction of this Court, with respect to the Policy.

5. For the avoidance of doubt, this Order only authorizes Excess Insurers to make advances and/or payments for the Defense Costs of the Individual Insureds. Nothing herein authorizes the Excess Insurers to make any payments in connection with any other type of **Loss** (*i.e.*, a non-Defense Cost Loss). A further order from this Court is required for the payment of any non-Defense Costs Loss, including any settlement or adjudication except to the extent a settlement or adjudication allocates Policy proceeds to advance and/or reimburse Defense Costs incurred by one or more Individual Insureds.

6. Nothing herein shall prejudice the current or future position of the Excess Insurers or any **Insured** under the Policy, and the parties reserve all rights, with respect to (1) the appropriateness of any obligation on the Excess Insurers or restriction on the operation of the Policy contemplated by this Order; or (2) the appropriateness of any other obligation on the Excess Insurers or restriction on the operation of the Policy. The parties also reserve their rights to seek to modify this order.

7. Any and all advancements or payments by the Excess Insurers shall reduce the Policy's Limits of Liability in a like amount to the extent permitted under the terms and conditions of the Policy, unless or until such amounts are repaid to the Excess Insurers.

8. Nothing in this Order shall constitute (1) a waiver, modification or limitation of the Excess Insurers' reservation of all rights, remedies and defenses under the Policy and otherwise; (2) a waiver, modification or limitation of any of the terms or conditions of the Policy; or (3) a finding that such sums are due and owing, or in what amount, under the Policy. Similarly, nothing in this Order shall constitute a waiver, modification of limitation of any rights of the U.S. Trustee, the Litigation Administrator, or any other **Insured** under the Policy.

9. This Order is immediately valid and fully effected upon its entry and the 14 day stay pursuant to Fed. R. Bankr. Proc. 4001(a) is hereby waived.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2024

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

Form of Jurisdiction Agreement

[Individual Insured]
[Address]
[City, State ZIP]

      Re: Consent to Jurisdiction of the United States Bankruptcy Court for the Southern District of New York with Respect to Policy Number [●] (the "Policy")

Dear [Individual Insured]:

      As you are aware, Celsius Network LLC and certain of its affiliates (together, "Celsius" or the "Debtors")[1] are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2] On [●], 2024, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered the *Order Granting Motion of Professional Solutions Insurance Company, Hudson Excess Insurance Company, Starstone Specialty Insurance Company and Associated Industries Insurance Company, Inc. for Relief From the Automatic Stay to the Extent Applicable* [Docket No. [●]] (the "Order"), a copy of which is attached hereto as **Exhibit A**. Pursuant to the Order, the Bankruptcy Court granted the Excess Insurers relief from the automatic stay pursuant to section 362 of the Bankruptcy Code to advance reasonable and necessary Defense Costs incurred by Individual Insureds under the Policy in connection with the arbitration, pending lawsuits, and investigations, as well as additional matters that may arise in the future, subject to determination that such matters are potentially covered under the Policy.[3]

      Because the Excess Insurers have determined that you are entitled to certain proceeds of the Policy, you are required to consent to the jurisdiction of the Bankruptcy Court with respect to the Policy as a condition to receiving any insurance proceeds under the Policy.

      Please sign the below and return this letter to the following parties (email being sufficient): (a) Celsius Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn: Christopher Ferraro (chris.ferraro@celsius.network); (b) counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654; Attn: Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com) and Christopher S. Koenig (chris.koenig@kirkland.com), and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Elizabeth H. Jones (elizabeth.jones@kirkland.com); and (c) counsel to the Litigation Administrator, White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron Colodny (aaron.colodny@whitecase.com), and White & Case, LLP 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Cecilia Walker (cecilia.walker@whitecase.com).

---

[1]     The Debtors in the chapter 11 cases are: Celsius Network LLC; Celsius KeyFi LLC; Celsius Lending LLC; Celsius Mining LLC; Celsius Network Inc.; Celsius Network Limited; Celsius Networks Lending LLC; Celsius US Holding LLC; GK8 Ltd.; GK8 UK Limited; and GK8 USA LLC.

[2]     *See In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y).

[3]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Order or Motion, as applicable.

2

I, [Individual Insured] consent to the jurisdiction of the Bankruptcy Court with respect to the Policy.

Accepted by:

_____
[Individual Insured]